**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.: 0:18-cv-61299

KODNER ESTATE HOLDINGS, LLC.,

    Plaintiff,

vs.

KODNER GALLERIES, INC.,
a Florida corporation, GALLERY OF
THE MASTERS, INC., d.b.a. Kodner
Gallery of the Masters.

    Defendants.
_____/

**AMENDED COMPLAINT FOR DECLARATORY RELIEF**

**I.    THE PARTIES**

1.    Plaintiff, KODNER ESTATE HOLDINGS, LLC, is a Florida Corporation doing business and performing auctioneering services in Broward County, Florida since 2015 ("Plaintiff Estate").

2.    Defendant, KODNER GALLERIES, INC., is a corporation performing auctioneering services in Broward County, Florida ("Defendant Galleries").

3.    Defendant GALLERY OF THE MASTERS, Inc., d.b.a. Kodner Gallery of the Masters ("Defendant Masters") is a corporation selling art throughout the United States and has its primary place of business is in Missouri.

**II.    JURISDICTION AND VENUE**

**A.    Personal Jurisdiction**

4.    This Court has personal jurisdiction over the Defendant Galleries, in that at the time of the acts and omissions giving rise to this action and at the present time, Defendant Galleries was

1

a resident and domiciliary of the State of Florida, and Defendant Galleries is doing business in the State of Florida.

5. This Court has personal jurisdiction of Defendant Masters because it does business in the state of Florida.

### B. Subject Matter Jurisdiction

6. This Court has subject matter jurisdiction pursuant to the 15 U.S.C. § 1338, 28 U.S.C. § 1338, 28 U.S.C. § 2201, and 28 U.S.C. § 2202.

### C. Venue

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that the Plaintiff and Defendant Galleries resides and is domiciled in the Southern District of Florida, specifically Broward County, Florida. Furthermore, Broward County, the subject matter of the dispute arises in South Florida.

### III. FACTUAL BACKGROUND

8. This lawsuit is regarding a trademark dispute regarding the use of the family name of "Kodner" between two businesses in South Florida, Plaintiff Estate and Defendant Galleries, as well as Defendant Masters.

9. Proprietors of auction houses tend to be wealthy, educated, and discerning. Auction houses tend to use the family name of their original proprietor as part of their mark. These names are typically displayed using a roman-style font to portray emotions of timelessness and class, as done in the following examples of famous auction houses. This formula is so common that it appears to be practically the default.

Sotheby's EST. 1744

LEMPERTZ 1845

KETTERER KUNST

CHRISTIE'S

Bonhams

10. While some of these marks are superficially very similar, the sophisticated customers of auction houses would not likely be confused or believe that the marks are confusingly similar. The reason for the marks being similar is simply industry practice – there is no attempt by these auction house to exploit the good-will of each other.

**Plaintiff Estate's Marks**

11. Plaintiff Estate's principle is Joshua Kodner, the cousin of the principal of Defendant Company, Russ Kodner. The Kodner family has been doing business as auctioneers since the beginning of the 20th Century.

12. When Joshua Kodner created Plaintiff Estate, he did not follow the typical auction house practice of using his last name. Instead, he used two marks, a "JK in a box" and "Joshua Kodner Galleries."

13. Plaintiff Estate is seeking USPTO registered trademark of "JK in a box" in filing Serial Number 87882004.



14. Plaintiff Estate is also seeking the USPTO registered trademark of "Joshua Kodner Galleries" in filing Serial Number 87652464.

JOSHUA KODNER GALLERIES

15. In commerce, Plaintiff Estate uses the following mark:



16. Plaintiff Estate does not use the name "Kodner" in its products or promotional material, other than combined with the principal's first name, as shown above.

**Defendant Galleries' Marks**

17. In 2015, Defendant Galleries sought to register a United States Trademark of "KODNER" in application number 86586968. The United States Patent and Trademark office rejected the mark, on the basis that it was confusingly similar and creating a likelihood of confusion with Defendant Masters. Specifically, their mark "Kodner Gallery of the Masters" was asserted by the USPTO to be confusingly similar to "Kodner."

# KODNER

18. Since the USPTO refused to register the mark, the "Kodner" mark is <u>not</u> a registered trademark with the USPTO.

19. Defendant Galleries also formerly registered the USPTO registered trademark of "Kodner Galleries," but the mark has been canceled/declared "dead" because it was abandoned.

# KODNER GALLERIES

20. In practice, Defendant Galleries in their business uses the "Kodner" name in exactly the same form of the mark that was rejected by the USPTO as being confusingly similar to Defendant Masters' mark.



21. Defendant Galleries claims that it has the right to use the name "Kodner" because Defendant Masters "has acquiesced on asserting any greater rights against [Defendant Galleries] in the State of Florida." *See* Complaint, <u>Kodner Galleries v. Kodner Estate Holdings, LLC</u>, CACE 17016778 (Broward County Cir. Civ. 2018) at ¶ 20.[1]

---

[1] Acquiescence is commonly considered only to be an affirmative defense in defending trademark infringement. Here, Defendant Galleries uses this affirmative defense as a sword - asserting that this acquiescence actually provides it with the right to enforce the same mark against Plaintiff Estates.

**Defendant Masters' Marks**

22.     Defendant Masters is an art gallery in Missouri that owns the "Kodner Gallery under archs" mark and the "Kodern Gallery" mark.



23.     Upon information and belief, Defendant Masters does business as an art gallery, and not an auctioneer.

**The Controversy**

24.     The principal of Plaintiff Estate and the principal of Defendant Galleries are family and formerly worked together. Plaintiff Estate was created so that Joshua Kodner could provide services to the market in his chosen family profession without being affiliated with Defendant Galleries.

25.     Plaintiff Estate and Defendant Galleries became competing businesses both performing auctioneering services in South Florida and throughout the United States.

26.     Defendant Galleries accused Plaintiff Estate of marketing itself in such a way as to pass itself off as being Defendant Galleries, thus appropriating Defendant Galleries' good will. Defendant Galleries assert that Plaintiff Estate appropriated Defendant Galleries' mark.

27.     This culminated in the filing of a civil lawsuit in state court in Broward County, Florida seeking damages, <u>Kodner Galleries v. Kodner Estate Holdings, LLC</u>, CACE 17016778

(Broward County Cir. Civ. 2018), of which the second amended version is attached as Exhibit "A". In the suit, Defendant Galleries seeks damages for "unfair competition," "common law infringement," "statutory infringement," "dilution," and "injunctive relief." The basis for this suit is the purported basis that Plaintiff Estate is allegedly in violation of the Defendant Galleries' trademark of the family name "Kodner."

28. As asserted by Defendant Galleries, its rights arise out of the alleged acquiescence of Defendant Masters.

29. Plaintiff Estate has merely used his own name as part of the marketing using marks which are not confusingly similar with Defendant Galleries or Defendant Master's trademarks. Furthermore, Plaintiff Estate presents his full name, "Joshua Kodner" or the initials in a logo of "JK," as opposed to simply using his last name as other auction houses do, precisely for the purpose of eliminating confusion between the two companies.

30. As its proprietor is a fifth generation auctioneer named Joshua Kodner acting within the industry of auction houses, Plaintiff Estate has a reasonable commercial interest in incorporating the name "Kodner" into its name so long as it does not infringe on the trademark of another.

31. Plaintiff Estate filed its United States Trademark Application on April 18, 2018. See Exhibit "B" attached hereto.

32. On April 26, 2018, the Florida Department of State Division of Corporations sent a letter to Plaintiff Estate with the Registration Certification for JK JOSH KODNER AUCTIONEERS GEMOLOGISTS APPRAISERS & DESIGN OF "JK" APPEARS WITHIN A BOX WITH A SHADOW EFFECT, "JK" LETTERS COMBINED TO FORM A SINGLE UNITARY LETTER. See Exhibit "C" attached hereto.

## COUNT I
## DECLARATORY RELIEF AS TO TRADEMARK CLAIMS

33.     Plaintiff Estate hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 32 above.

34.     Defendant Galleries claims to hold the exclusive right to use the Kodner name as trademark holder.  Defendant Galleries' trademark claim places a cloud on Plaintiff Estate's business.

35.     The basis of Defendant Galleries' claims arises from the purported actions of Defendant Masters in regard to its USPTO marks, registration numbers 3026061 and 1977963.

36.     The above creates a justiciable controversy which this Court can address in a claim for declaratory judgment.  This Court can solve the controversy between the parties by answering:

   a. Whether Defendant Galleries has a right to exclude others from using the name "Kodner";

   b. Whether Defendant Galleries ever received a license or ownership interest from Defendant Masters;

   c. Whether Plaintiff is infringing on any trademark holder's rights by using the name "JK" or "Joshua Kodner";

   d. Any other remaining controversy regarding the respective rights held by the parties pursuant to the Lanham Act.

37.     Plaintiff Estate is being harmed by Defendant Galleries' actions and risks exceptional loss due to Defendant Galleries' aggression.  Plaintiff Estate continues to market itself under the name "Joshua Kodner," developing good will under that name at great expense.  These marks are currently under review with the USPTO in Serial Numbers 87882004 and 87652464,

respectively. As the mark "JK" and "Joshua Kodner" are the most distinct aspects of Plaintiff Estate's mark, to prevent Plaintiff Estate from using the mark would destroy the ongoing hard work and expense in creating good will.

## IV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court issue a Declaratory Judgement that:

a) For a declaration and judgment that Plaintiff Estate's marks that it uses in business are not infringing on Defendant Galleries and Defendant Master's respective trademarks and intellectual property rights.

b) For an injunction preliminarily and permanently restraining and enjoining Defendant Galleries from continuing to interfere with Plaintiff Estate's right to use its trademarks and affirming that it is the right of Plaintiff Estate and its customers to continue their business without any further action, threat, or interference of any kind by Defendant Galleries or anyone claiming through or under Defendant Galleries on account of said trademark.

c) That Plaintiff have judgment for its costs of this suit and for its reasonable attorney's fees.

38. For such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: _____, 2018

*/s/ Michael L. Feinstein*
Michael L. Feinstein, Esquire
FBN 650382
Michael L. Feinstein, P.A.
Attorney for Defendant
200 SE 18th Court
Fort Lauderdale, FL 33316
Telephone: (954) 767-9662
Facsimile: (954) 764-4502

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this Complaint for Damages was furnished to a process server on this _____ for service upon Defendant Gallery of the Masters, Inc. and served via this Court's ECF system to Defendant Kodner Galleries, Inc.

*/s/ Michael L. Feinstein*
Michael L. Feinstein, P.A.