IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:18-cv-61299

KODNER ESTATE HOLDINGS, LLC.,

    Plaintiff,

vs.

KODNER GALLERIES, INC.,
a Florida corporation, GALLERY OF
THE MASTERS, INC., d.b.a. Kodner
Gallery of the Masters.

    Defendants.
_____/

## OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff, Kodner Estate Holdings, LLC ("Plaintiff Estate"), by and through undersigned counsel, hereby opposes Defendant Kodner Galleries, Inc. ("Defendant Galleries") Motion to Dismiss [DE 26], and states as follows:

1. Plaintiff Estate brought a one count complaint seeking declaration of the rights of the parties as it relates to the controversy which arose regarding the parties' collective trademark/tradenames.  Defendant Galleries attempts to establish the "straw-man" argument by setting up and portraying this suit as something it is not, which can easily be disproven simply by looking at the Amended Complaint [DE 24].[1]  Defendant Galleries have acted to stop Plaintiff

---

[1] Defendant Galleries make several claims regarding what Plaintiff Estate is seeking which seem to be borne from the imagination of Defendant Galleries: *e.g.* ¶ 1"Plaintiff seeks declaratory relief as to its application for a federal trademark…"; ¶ 16, "Plaintiff also wants the Court to declare JK next to 'Joshua Kodner,' next to 'auctioneers gemologists appraisers' is now trademarked or somehow protected as well."; ¶ 19, "In essence, Plaintiff wants the Court to grant him a federal trademark…"; p. 5, "Because Plaintiff cannot enforce a mark it does not hold, it does not have standing to pursue this lawsuit."; p. 6, "In fact, Plaintiff has claimed no confusion in state court, but claims there is real confusion in federal court";  p. 7, "1) Plaintiff in this case is requesting an

1

Estate from doing business, and are claiming that some of their rights arise from Co-Defendant Gallery of the Masters, Inc. ("Defendant Masters"). This suit merely seeks a determination of the parties' respective rights under the Lanham Act and if any of the parties are infringing on the other's respective marks, so that this dispute can be put to bed and the parties can move on with what they do best – providing auctioneering services to the public.

2. Defendant Galleries Motion to Dismiss can be split into two parts which make arguments that contradict each other. The "case or controversy arguments," pages 1-9, attempt to make a point that there is no case real dispute to be adjudicated in declaratory judgment. All of the examples to show how there is no case or controversy are statements that are completely manufactured by Defendant Galleries. Defendant Galleries beats up a straw-man of its own creation, by arguing about things that are not sought in the Amended Complaint.[2] The real Amended Complaint [DE 24] seeks a declaration of the parties' respective rights in regards to the trademark mess the parties have found themselves in.

3. The abstention argument of Defendant Galleries Motion to Dismiss [DE 26] actually makes arguments that apply to the real Amended Complaint [DE 24](though the Motion to Dismiss [DE 26] continues to repeat the baseless fictions that Plaintiff Estate is seeking to enforce its trademarks against Defendant Galleries, that the matter would be a mere "advisory" opinion, and the like). Nevertheless, applying that test to this circumstance reveals that it would be improper for this Court to abstain from hearing this matter.

---

advisory opinion on a[sic] federal trademarks Plaintiff <u>it [sic] hopes will be granted to it by the USPTO</u>; 2) the application for 'JK in a box,' a putative mark would <u>not affect the outcome</u> of the pending state court action even if Plaintiff's application were to be granted; […]."

[2] With the exception of Defendant Galleries' note that Plaintiff inadvertently cited a criminal penalty statute about cigarettes. While Plaintiff Estate certainly desires to discourage smoking, this was not intentionally part of this lawsuit.

4. This case or controversy argument is completely contradicted by the abstention argument. Defendant Galleries suggests that there is no case and controversy, and Plaintiff Estate is seeking a mere "advisory" opinion, yet, simultaneously Defendant Galleries argues that this Court should abstain because the same case is before the state court. If the matter is not a controversy, yet, is the same subject matter of the state court, then would not the state court matter also not be a controversy? Why did Defendant Galleries file their lawsuit to seek damages and to enjoin Plaintiff Estate from doing business, if it was not a controversy?

**Defendant Galleries makes false statements about what Plaintiff Estate asked for in its Amended Complaint; a plain reading of the Amended Complaint reveals a justiciable cause of action for declaratory relief by describing a case or controversy.**

5. Defendant Galleries' argument that this lawsuit does not contain a case or controversy for declaratory relief is completely meritless. Defendant Galleries' arguments only stand because of false premises regarding what Plaintiff Estate is requesting. These fundamental misunderstandings/misdirections paint a picture so different from what is actually stated in the Amended Complaint [DE 24], that it is difficult to even respond to much of Defendant Galleries' arguments.

6. The Amended Complaint [DE 24] provides in ¶ 21 that the ownership of the parties' respective trademarks is in dispute.[3] The Amended Complaint [DE 24] explains ¶ 27 that this dispute over the ownership of the trademark exploded into a lawsuit over "unfair competition," "common law infringement," "statutory infringement," "dilution," and "injunctive relief." If Plaintiff Estate is found to not be infringing on the mark, or if Defendant Galleries is found to not

---

[3] "Defendant Galleries claims that it has the right to use the name "Kodner" because Defendant Masters 'has acquiesced on asserting any greater rights against [Defendant Galleries] in the State of Florida.' *See* Complaint, <u>Kodner Galleries v. Kodner Estate Holdings, LLC</u>, CACE 17016778 (Broward County Cir. Civ. 2018) at ¶ 20."

3

own the mark, or Defendant Masters does not own the mark to give to Defendant Galleries, all of the controversies in the state court case are all but over. As an example, Defendant Galleries "unfair competition" lawsuit would fall apart if the trademarks that Plaintiff Estate uses in commerce are not owned by Defendants. If this federal court were to determine the trademark rights of the parties, all of these tertiary issues would be wiped out immediately.

7. Plaintiff Estate isn't seeking to "create" a trademark or seek damages for an infringement, or any of the other nonsense that Defendant Galleries seems to believe. Plaintiff Estate provided a list of controversies that it hoped would be addressed at ¶ 36, specifically:

> a. Whether Defendant Galleries has a right to exclude others from using the name "Kodner";
> b. Whether Defendant Galleries ever received a license or ownership interest from Defendant Masters;
> c. Whether Plaintiff is infringing on any trademark holder's rights by using the name "JK" or "Joshua Kodner";
> d. Any other remaining controversy regarding the respective rights held by the parties pursuant to the Lanham Act.

8. Defendant Galleries' claim that there is no case or controversy is, frankly, bizarre. Defendant Galleries sued Plaintiff Estate for several causes of action based on their alleged ownership over a trademark that they claim Plaintiff Estate violated. Of course there is a case or controversy.

9. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a

4

> hypothetical state of facts." In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment [internal citations omitted]."

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

10. Fed. R. Civ. P. 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Killian Palms Country Club & Sports Complex, Ltd. Liab. Corp. v. Scottsdale Ins. Co., 11-CIV-21978, 2011 WL 13223719, at 3 (S.D. Fla. Aug. 16, 2011).

11. Federal Courts generally are amenable to hearing disputes over trademarks through declaratory judgment, even when there is not an active lawsuit on the issue.

> Because "[d]eclaratory judgment actions are particularly useful in resolving trademark disputes ... the finding of an actual controversy should be determined with some liberality." "have long accepted jurisdiction" in "situations in which the plaintiff's self-avoidance of imminent injury is coerced by threatened enforcement action of a private party...." "A more restrictive view would ... require [a company] to go to substantial expense in the manufacture, marketing, and sale of its [product], and subject itself to considerable liability for a violation of the Lanham Act before its right to even engage in this line of commerce could be adjudicated." "[T]he threat of future litigation remains relevant in determining whether an actual controversy exists." "[S]imply holding litigation in abeyance ... does not eliminate the case or controversy [citations omitted]."

Gelmart Industries, Inc. v. Eveready Battery Co., Inc., 120 F. Supp. 3d 327, 331 (S.D.N.Y. 2014), *see also* Young v. Vannerson, 612 F. Supp. 2d 829, 838–39 (S.D. Tex. 2009).

**The <u>Colorado River</u> abstention (or other type of abstention doctrine) should not divest Plaintiff Estate of the opportunity to have this trademark dispute resolved by this Court.**

12. As a preliminary matter, the <u>Colorado River</u> abstention doctrine does not apply to this case, based upon binding SCOTUS precedent on federal declaratory judgments when there is a pending state court proceeding.[4] That said, this is only an intellectual distinction for this Motion to Dismiss. Defendant Galleries cites the wrong name, but applies the right standard: the 9-factor analysis in <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328 (11th Cir. 2005). This is important only to the extent that this Court were to review <u>Colorado River</u> or its progeny.

13. As Defendant Galleries accurately states, this Court is to review a 9-factor test when deciding whether to hear a declaratory relief action when there is a parallel state proceeding.

> [T]he Eleventh Circuit has outlined nine factors that a district court may consider in determining whether to accept or decline jurisdiction under the Declaratory Judgment Act when a related state action is pending:
>
> > (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> >
> > (2) whether the judgment in the federal declaratory action would settle the controversy;
> >
> > (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> >
> > (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

---

[4] As stated in, <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995): "This case asks whether the discretionary standard set forth in <u>Brillhart v. Excess Ins. Co. of America</u>, or the "exceptional circumstances" test developed in <u>Colorado River Water Conservation Dist. v. United States</u>, and <u>Moses H. Cone Memorial Hospital v. Mercury Constr. Corp</u>, governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings, and under what standard of review a court of appeals should evaluate the district court's decision to do so…In sum, we conclude that <u>Brillhart v. Excess Ins. Co. of America</u>, governs this declaratory judgment action and that district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion [citations omitted]."

> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Regions Bank v. Commonwealth Land Title Ins. Co., 11-23257-CIV, 2012 WL 1135844, at 2 (S.D. Fla. Apr. 4, 2012), *citing* Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005).

14. These 9-factors are less a test, however, than a guidepost or brainstorming tool. "'This list of factors is neither absolute nor exclusive, and no 'one factor is controlling.' Indeed, the Court has no obligation to consider each and every factor on the list and it is free to consider any other factors it deems relevant or significant." *Id.* "The decision whether to dismiss does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*

15. Plaintiff Estate believes that, if the 9-factor abstention test applies to it, then the factors fall in its favor.

(1) The state has no interest as to the determination of the trademark rights. Trademark matters may be brought before federal or state courts equally.

(2) A judgment in this action would settle the controversy between the parties. If this Court determines that Plaintiff Estate did not violate a trademark, there's nothing else for the parties to fight about.

(3) The underlying dispute is to whether there has been a violation of a trademark. Even if it does not conclude the issues between the parties entirely, it would at least narrow them dramatically and clarify the legal relations at issue.

(4) Plaintiff Estate recognizes that this case looks a bit like procedural fencing, due this matter being filed several months after the state court action. Plaintiff Estate believes it is justified in this, however, because of the changed factual issues developing between the parties. *See* [DE 24-1]. Defendant Galleries has taken the position that its trademark rights derive from Defendant Masters. Additionally, circumstances changed since the filing of the state court complaint, with Plaintiff Estate seeking to develop mark which is now at issue.

(5) With federal trademark supremacy, Florida's trademark rules would not conflict with state jurisdiction.

(6) This Court's determination as to trademark ownership with effectively address the issues of the parties.

(7) The determination as to ownership of trademarks is central to the dispute between the parties.

(8) The federal court is better able to address the Lanham act, federally registered trademarks, and the claims involving Defendant Masters.

(9) There are no clear Florida public policy issues in play.

16. This 9-factor test does not apply to potentially divest a plaintiff of a declaratory relief action when there is not a complete parity between the issues and the parties. The Court's discretion over whether to sustain a claim for declaratory judgment extends to cases where a direct action involving the *same* parties and the *same* issues has already been filed. Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F.Supp.2d 1369, 1374–75 (M.D.Fla.2008).

17. This 9-factor test should only apply when the state court proceedings are truly parallel with the underlying suit. In Regions, the Court found that the state court case was not parallel because a defendant in the federal case was not in the state court case. Regions Bank v. Commonwealth Land Title Ins. Co., 11-23257-CIV, 2012 WL 1135844, at 2 (S.D. Fla. Apr. 4, 2012).

18. This case involves Defendant Masters, a party not in the state court case. Additionally, the causes of action between this case and the state case are unique. While adjudication of the federal case would assist in concluding the state court case, the causes of action themselves are significantly different, with Defendant Galleries seeking damages for unfair competition and for previous alleged violations of Defendant Galleries trademark. *See* State Court Claim [DE 24-1].

19. This Court should not abstain from hearing this case. To the extent that the abstention doctrine applies, the 9-factor test weighs in favor of disposition in addition to the fact that such a test is already supposed to weigh in favor of adjudication. That said, the 9-factor test may not even apply with the presence of Defendant Masters and the fact that the issues between the parties differ.

## Conclusion

20. Defendant Estate's arguments regarding justiciability are completely meritless. There is a clear active dispute between the parties regarding ownership and violation of trademarks. As for the arguments directed towards abstention, there should not be abstention because the parties and the issues do not have exact parity. That said, if the 9-factor test is to be used, those factors weigh in favor of this Court *not* abstaining from hearing the matter.

WHEREFORE Plaintiff Estate requests that this Court DENY Defendant Galleries' Motion to Dismiss.

                Respectfully submitted,

Dated: October 5, 2108      */s/ Michael L. Feinstein*
                Michael L. Feinstein, Esquire
                FBN 650382
                Michael L. Feinstein, P.A.
                Attorney for Defendant
                200 SE 18th Court
                Fort Lauderdale, FL 33316
                Telephone:  (954) 767-9662
                Facsimile:   (954) 764-4502

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that this Amended Complaint was. and served via this Court's ECF system to Defendant Kodner Galleries, Inc.

                */s/ Michael L. Feinstein*
                Michael L. Feinstein, P.A.