United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kodner Estate Holdings, LLC,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 18-61299-Civ-Scola |
| Kodner Galleries, Inc., Gallery of the<br>Masters, Inc., Defendants. | )<br>)<br>) |

### **Opinion Order Dismissing Case**

Before the Court is a motion to dismiss filed by Defendant Kodner Galleries, Inc. (the "Motion," ECF No. 26.) Having considered the Motion, all supporting and opposing submissions (including the Plaintiff's proposed surreply, ECF No. 29-1), and the applicable law, the Court **grants** the Motion and **dismisses** this case without prejudice, as further described below.

### **1.   Factual Background**

Plaintiff Kodner Estate Holdings, LLC, filed suit on June 10, 2018, against Defendant Kodner Galleries, Inc. ("Defendant Galleries"). (ECF No. 1.) On September 7, 2018, the Plaintiff filed an Amended Complaint, adding Defendant Gallery of the Masters, Inc. ("Defendant Masters"). (ECF No. 24.) To date, Defendant Masters has not been served in this case. Plaintiff is aware of and acknowledges the same. (*See* ECF No. 31 at p. 1.) Defendant Galleries improperly moved to dismiss for Defendant Masters on this basis, (ECF Nos. 32, 33).

The Amended Complaint asserts federal jurisdiction under 15 U.S.C. § 1338, and 28 U.S.C. §§ 1338, 2201, and contains one count for "Declaratory Relief as to Trademark Claims." (ECF No. 24 at¶¶ 6, 33-37.) In opposition to the Motion, the Plaintiff summarizes the nature of the relief it seeks: "[A] determination of the parties' respective rights under the Lanham Act and if any of the parties are infringing on the other's respective marks." (ECF No. 27 at p. 2); *see also* (ECF No. 24 at ¶ 36 (seeking declarations of the parties' rights to use the word "Kodner," if Plaintiff is "infringing on any trademark" by its use of "JK" or "Joshua Kodner," and "[a]ny other remaining controversy regarding the respective rights held by the parties pursuant to the Lanham Act.").) Notably, the Plaintiff does not actually assert any claims under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* Nor does the Plaintiff or Defendant Galleries appear to even hold registered federal trademarks. (ECF No. 24 at ¶¶ 17-21, 37.)

Three arguments are raised for dismissal: (1) that Plaintiff lacks standing, and thus the Court lacks subject matter jurisdiction; (2) that the Amended Complaint fails to state a claim for declaratory relief; and (3) that abstention in deference to a parallel lawsuit in Florida court is appropriate and warranted under the *Colorado River* doctrine. (ECF No. 26.)

**2.     Legal Standard – Rule 12(b)(1)**

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotation omitted). "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.*

"When defending against a facial attack, the plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised,' and 'the court must consider the allegations in the plaintiff's complaint as true.' " *Id.* (quotation omitted). The Court is required "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

**3.     Analysis**

To begin, the Court dismisses the claim against Defendant Masters for failure to timely serve. "If the plaintiff fails to properly serve the defendant within [90] days, 'the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . .'" *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). Rule 4(m) required the Plaintiff to serve Defendant Masters by December 6, 2018. Service was not effected by that date, despite the Plaintiff being on notice that failure do so is grounds for dismissal under Rule 4(m). (*See* ECF No. 32 (seeking dismissal on this basis).) Accordingly, all claims against Defendant Masters are **dismissed without prejudice** for failure to timely serve.

The Court now considers its subject matter jurisdiction. Because the Plaintiff only seeks declaratory relief, this inquiry begins with 28 U.S.C. § 2201. The "Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal

courts." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S 191, 197 (2014). In determining declaratory judgment jurisdiction, federal courts "often look to the 'character of the threatened action'" that necessitates the requested declaration. *Id.* (quoting *Pub. Servs. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). And in making such a determination, the operative question is "whether 'a coercive action' brought by 'the declaratory judgment defendant' . . . 'would necessarily present a federal question.'" *Id.* (quoting *Franchise Tax Bd. Of Cal. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983)); *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1340 (11th Cir. 2018) (same); *see also Red Lobster Inns of Am., Inc. v. New England Oyster House, Inc.*, 378 F. Supp. 1144, 1146 (S.D. Fla. 1974 (Fulton, C.J.) ("When a litigant relies on the federal trade-mark laws to support an action for declaratory relief, as plaintiff has tried to do in this case, an independent claim under the trademark laws must exist.") *aff'd* 524 F.2d 968 (5th Cir. 1975).[1] Thus, a "declaratory judgment action, which avoids [a] threatened action" under the Lanham Act, "also 'arises under'" federal trademark law for the purposes of 28 U.S.C. § 1338(a). *Medtronic, Inc.*, 571 U.S. at 198 (holding the same with respect to federal patent law).

Under that framework, the existence of federal jurisdiction in this case is dependent on whether the Amended Complaint seeks a declaration which will avoid a threatened action that Defendant Galleries may bring under federal law. It follows, then, that the Plaintiff must show (1) that Defendant Galleries possesses a cause of action under the Lanham Act, and (2) that the requested declarations would avoid that threatened action.

Prosecution of trademark infringement under the Lanham Act is limited to "registrants" of that trademark. *See* 15 U.S.C. § 1114(1) (limiting liability for trademark infringement to "civil action[s] by the registrant"); *see also Sream, Inc. v. Grateful J's, Inc.*, 2017 WL 6409004, *3-*4 (S.D. Fla. Oct. 13, 2017) (Lenard, J.) (a cause of action of trademark infringement under the Lanham Act "is available only to 'the registrant'"); *Sream, Inc. v. LB Smoke Shop, Inc.*, 2017 WL 2735575, *3-*4 (S.D. Fla. June 23, 2017) (Huck, J.) ("Absent legal title to a registered trademark, a plaintiff lacks the legally protected interest necessary to establish standing to bring a trademark claim under the Lanham Act."). A "registrant" under the Lanham Act "embrace[s] the legal representatives,

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

predecessors, successors and assigns of such . . . registrant." 15 U.S.C. § 1127.

The Amended Complaint, however, does not allege that Defendant Galleries is a "registrant" of a federal trademark, or even a "predecessor, successor," assignee or licensee of one. Instead, the Plaintiff alleges that Defendant Galleries was **denied** registration of the "KODNER" mark in 2015 by the United States Patent and Trademark Office, and also **abandoned** and **cancelled** the previously registered federal mark "Kodner Galleries." (ECF No. 24 at ¶¶ 17-19.) These allegations make clear that Defendant Galleries is not the registrant of a federal trademark and does not have standing to prosecute a federal infringement claim under section 1114. As a result, the requested declaration—that the Plaintiff is not infringing on Defendant Galleries' trademark—would not "avoid [a] threatened action" under federal law. *Medtronic, Inc.,* 571 U.S. at 198; *Red Lobster*, 378 F. Supp. at 1146 *aff'd* 524 F.2d 968 (5th Cir. 1975); (*see also* P's Mot. for Leave to File Surreply, ECF No. 29 at p. 2 (arguing that any contention that "this case is about Plaintiff Estate enforcing a federal trademark against Defendant Galleries" is "simply false")). Thus, the Court lacks subject matter jurisdiction and must dismiss this case.

### 4. Conclusion

In sum, all claims against Defendant Gallery of the Masters, Inc. are **dismissed without prejudice** for failure to timely serve. The Court further **dismisses** this case without prejudice for lack of federal subject matter jurisdiction. The Clerk is directed to **close** this case. All pending motions, if any, are **denied** as moot.

**Done and ordered**, in Chambers, in Miami, Florida on January 14, 2019.

Robert N. Scola, Jr.
United States District Judge